**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1362-WJM-KMT

TODD GATZA, and
TAMARA ROSE UNSELL-GATZA

      Plaintiffs,

v.

CASTLE STAWIARSKI, LLC

      Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction (the "Motion").  (ECF No. 3.)

According to the Motion and the underlying Complaint (ECF No. 1), Defendant sent a demand letter to Plaintiffs on March 13, 2012, seeking to collect a debt of $409,037.65 allegedly owed on Plaintiffs' mortgage.  In this action, Plaintiffs challenge Defendant's right and authorization to collect the debt on behalf of the mortgage lender, and demands proof of such authorization.

In the Motion, Plaintiffs first ask the Court "for a preliminary injunction restricting Defendant from any further collection activities pending resolution of the instant action." (ECF No. 3, at 1.)  Plaintiffs later explain in the Motion that they are seeking to serve the Motion on Defendant, but that the Court "should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or

damage if the order is not granted before defendant can be heard as defendant[']s sale of the property is scheduled to occur on 7/11/2012." (*Id.* at 15.) In the Conclusion, Plaintiffs ask the Court "to issue a temporary restraining order preventing defendant from foreclosing on the property until a show cause hearing can be held on Plaintiff's motion for a preliminary injunction." (*Id.* at 16.) In the Prayer, Plaintiffs ask that "Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation by simply proving that Defendant has agency, standing and capacity to perform the actions Defendant has shown intent to perform." (*Id.*)

To the extent Plaintiffs' Motion can be construed as a motion for a temporary restraining order, the Motion is denied without prejudice. Federal Rule of Civil Procedure 65(b)(1) provides,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, the immediacy Plaintiffs allege is that the foreclosure sale is scheduled to occur on July 11, 2012. Under these circumstances, Plaintiffs have not "clearly show[n] that immediate and irreparable injury . . . will result to [Plaintiffs] before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Plaintiffs' Motion is more properly construed as it is titled, a Motion for Preliminary Injunction. Under Federal Rule of Civil Procedure 65(a)(1), Plaintiffs must serve the Motion on Defendant. Plaintiffs explain that they are in the process of doing so. (ECF No. 3, at 15.) The Court will refer Plaintiffs' Motion for Preliminary Injunction to the assigned U.S. Magistrate Judge to set any appropriate briefing and/or proceedings, and to decide the Motion.

In accordance with the foregoing, the Court ORDERS as follows:

(1) To the extent Plaintiffs' Motion for Preliminary Injunction (ECF No. 3) can be construed as a motion for a temporary restraining order, the Motion is DENIED WITHOUT PREJUDICE;

(2) To the extent Plaintiffs' Motion for Preliminary Injunction is properly construed as a motion for a preliminary injunction, which is how the Court believes the Motion is properly construed, the Motion is hereby REFERRED to the assigned U.S. Magistrate Judge.

Dated this 25th day of May, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge