IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-01362-WJM-KMT

TODD GATZA, and
TAMARA ROSE UNSELL-GATZA

      Plaintiffs,

v.

CASTLE STAWIARSKI, LLC

      Defendant.

---

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND MOTION FOR TEMPORARY RESTRAINING ORDER**

---

      Plaintiffs initiated this action against Defendant on May 24, 2012, bringing two claims under the Fair Debt Collection Practices Act and one negligence claim based on Defendant's attempt to collect a debt of $409,037.65 allegedly owed on Plaintiffs' mortgage. (ECF No. 1.)  Plaintiffs challenge Defendant's right and authorization to collect the debt on behalf of the mortgage lender, and demands proof of such authorization.  At that time, Plaintiffs also filed a Motion for Preliminary Injunction, seeking to enjoin a "sale of the property . . . scheduled to occur on 7/11/2012."  (ECF No. 3.)  In this Court's May 25, 2012 Order on that Motion, the Court held that, to the extent the Motion could be construed as a motion for a temporary restraining order, the Motion was denied because the foreclosure sale would not take place for another month and a half.  (ECF No. 4.)  The Court also held that, to the extent the Motion could be

construed as a motion for a preliminary injunction, the Motion would be referred to the assigned U.S. Magistrate Judge for decision.  (*Id.*)  Defendant has filed a Response to the Motion for a Preliminary Injunction (ECF No. 13), and Plaintiffs declined to file the allowed Reply.

On September 7, 2012, Plaintiffs filed a new Motion for Temporary Restraining Order.  (ECF No. 17.)  In that Motion, Plaintiffs seek to enjoin a "C.R.C.P. 120 Hearing on the 11th day of September 2012 in District Court, Las Animas County, Colorado 12cv58, and to abate any further foreclosure proceedings . . . ."  (*Id.* at 2.)

After unreferring the pending Motion for Preliminary Injunction to the assigned U.S. Magistrate Judge (ECF No. 18), the Court now finds it appropriate to affirmatively resolve the pending Motion for Preliminary Injunction (ECF No. 3) and Motion for Temporary Restraining Order (ECF No. 18).[1]

Both Motions seek to enjoin a foreclosure proceeding in state court.  In response to the Motion for a Preliminary Injunction, Defendant argues, *inter alia*, that the Anti-Injunction Act, 28 U.S.C. § 2283, and *Younger v. Harris*, 401 U.S. 37 (1971), preclude this Court from enjoining an ongoing state foreclosure proceeding.  (ECF No. 13.)  The Court agrees.

The Anti-Injunction Act provides, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of

---

[1] The Court declines at this time to resolve Defendant's currently pending Motion to Dismiss.  (ECF No. 12.)

2

Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  As the Tenth Circuit has stated, "[t]his prohibition against enjoining 'proceedings in a State Court' applies to state foreclosure proceedings." *Horton v. Clark*, No. 90-5254, 1991 WL 240115, at *1 (10th Cir. Nov. 15, 1991).  Plaintiffs have not shown, and the Court does not find, that any of the three exceptions identified in 28 U.S.C. § 2283 apply in this case.  Therefore, the Anti-Injunction Act prohibits this Court from enjoining the foreclosure proceedings in state court.

Moreover, even if the Anti-Injunction Act did not apply, the Tenth Circuit has also recognized that a foreclosure proceeding is "precisely the type of case where federal courts out of concern of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings." *Id.* (citing *Mitchum v. Foster*, 407 U.S. 225 (1972), and *Harris v. Younger*, 401 U.S. 37 (1971)).  Under the *Younger* abstention doctrine,

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation and quotation marks omitted).

Here, the first *Younger* abstention element is met because Plaintiffs are asking

the Court to enjoin an ongoing proceeding in state court.  Second, although Plaintiffs argue otherwise (*see* ECF No. 17, at 9), the Court finds that the state proceedings provide an adequate forum to hear the claims raised here.  And third, foreclosure proceedings "are proceedings involving important state interests concerning title to real property located and determined by operation of state law."  *Beeler Props. v. Lowe Enters. Residential Investors*, 07-cv-00149, 2007 WL 1346591, at *1 (D. Colo. May 15, 2007); *see also Horton*, 1991 WL 240115, at *1.  Therefore, the *Younger* abstention doctrine also prevents this Court from enjoining the state court proceedings.

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiffs' Motion for a Preliminary Injunction (ECF No. 3) is DENIED;

(2) Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 17) is DENIED; and

(3) Plaintiffs are prohibited from filing any further emergency motions in this action seeking to enjoin the related foreclosure proceedings in state court.

Dated this 10th day of September, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge