IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01362–WJM–KMT

TODD GATZA, and
TAMARA ROSE UNSELL-GATZA,

    Plaintiffs,

v.

CASTLE STAWIARSKI, LLC,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Unopposed Motion for Partial[1] Stay of Proceedings." (Doc. No. 19, filed Sept. 14, 2012.) For the following reasons, the Motion is DENIED.

In its Motion to Stay, Defendant seeks to stay proceedings in this matter until a ruling is issued as to its pending Motion to Dismiss (Doc. No. 12, filed July 24, 2012). The Motion to Dismiss asserts that Plaintiff's Complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See id.*)

---

[1] Although Defendant purports to seek only a "partial" stay of this case, it is clear that, if the Motion to Stay is granted, all proceedings in this case will be stayed. Although Defendant suggests that it does not seek to stay proceedings with respect to its pending motion to dismiss, that motion is now fully briefed and thus no additional proceedings are necessary with respect to that motion.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this

District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (nothing that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiffs do not oppose a stay, and therefore their interest in proceeding expeditiously with this matter does not weigh heavily in the court's analysis.

Nevertheless, the court is not convinced that Defendant would face a significant burden by proceeding with discovery. Defendant does not maintain that the court lacks jurisdiction over Plaintiffs' claims or that it is entitled to immunity therefrom—rather it simply moves to dismiss Plaintiffs' claims for failure to state a claim pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss. This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Defendant cites to a recent decision by this court where the court granted a stay of discovery. *McMinn v. Dodson,* 11-cv-1511-PAB-KMT, 2012 WL 1415102 (D. Colo. Apr. 24, 2012). However, Defendant fails to note that the court premised its ruling in *McMinn* on the fact that it had already issued a Recommendation that the defendant seeking the stay be dismissed from the case. *Id.* at *2. Here, the court has not yet issued a Recommendation as to the merits of Defendants' Motion to Dismiss; thus, *McMinn* is inapposite.

Finally, neither the interests of nonparties or the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah,* 2009 WL 980383, at *1. Accordingly, on balance, the court

finds that a stay of this case is unwarranted.

Therefore, for the foregoing reasons, it is

ORDERED that Defendant's Unopposed Motion for Partial Stay of Proceedings"(Doc. No. 19) is DENIED.

Dated this 18th day of September, 2012.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge